_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | § | |
| ex rel. Donald Palmer, | § | Docket No. 12:907 (GEP) |
| **Relator and Plaintiff,** | § | |
| vs. | § | |
| | § | |
| **C&D Technologies, Inc.** | § | |
| | § | |
| **Defendant.** | § | |

# Order

    This Court, having considered the Relator's Motion for Award of Attorneys Fees and Expenses, Relator's supporting Memorandum, detailed fee and cost records and associated exhibits, Defendants' Response, and Relator's Reply, finds that Defendant is required to pay, and Relator is entitled to receive, an award of reasonable expenses necessarily incurred, plus reasonable attorneys' fees and costs, in accord with 31 U.S.C. § 3730(d)(2).

    Having considered all of the facts and applicable law associated with this motion, this Court makes the following findings of law and fact.

1. Relator's counsel reasonably incurred $164,585.49 in out-of-pocket costs in prosecuting this action.

2. Over the past 4 ½ years that this False Claims Act action was pending, Relator's counsel have reasonably incurred 5,447.51 hours in prosecuting this action on

behalf of the United States, which did not settle until the eve of trial and which was further complicated by Defendant's breach of the settlement agreement that it reached with the Relator and the United States over 9 months ago.

3. Relator's counsel are entitled to receive Philadelphia rates for their time under the forum rate rule. *Simring v. Rutgers*, 634 F. Appx. 853, 858 n.1 (3d Cir. 2015).

4. Community Legal Services of Philadelphia ("CLS") publishes fee schedules that properly capture Philadelphia rates for attorneys' fee awards. *Maldonado v. Houstoun*, 256 F.3d 181, 184, 187-88 (3d Cir. 2001), *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, No. 11-6089, 2015 WL 6378581, at *8 (E.D. Pa. Oct. 22, 2015).

5. The latest CLS rate schedules were published in 2011 and 2014.

6. Relator's counsel are entitled to receive an award of fees at rates that reflect the current rates or present value of the 2014 CLS rates which must, therefore, be extrapolated to 2016 CLS rates. *Keenan v. City of Philadelphia*, 983 F.2d 459, 476 (3d Cir. 1992); *see also Bolden v. Southeastern Pa. Transp. Auth.*, 897 F. Supp. 188, 192 (E.D. Pa. 1995); *Contractors Ass'n of Eastern Philadelphia v. City of Philadelphia*, No. 89-2737, 1996 WL 355341, at *8 (E.D. Pa. June 20, 1996); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 2016 WL 3522964, *3-4 (M.D. Pa. June 28, 2016).

7. This extrapolation is reasonably accomplished by distributing the rate differential between the 2011 and 2014 published CLS rates and arriving at an annual rate increase for each CLS rate category to arrive at 2016 CLS rates to be used in this action.

After removing 12 billing personnel from the detailed billing hours of Relator's counsel and further deducting 3% from the remaining time of Relator's counsel to address any remaining unnecessary duplication of effort, this Court finds that Relator's counsel at the law firms of Begelman Orlow & Melletz ("Begelman-Orlow") and Helmer Martins Rice & Popham, Co., LPA ("Helmer-Martins") are entitled to be paid the following:

- Begelman-Orlow: $523,304.71 for 689.46 hours of professional time.
- Helmer-Martins: $2,590,225.79 on 4,758.05 hours of professional time.

Accordingly, Defendant C&D is hereby **ORDERED** to pay to Relator's Counsel $3,113,530.50 in statutory fees and $164,585.49 in costs for a total of $3,278,115.99.

BY THE COURT:

_____        _____
Date                                           GENE E.K. PRATTER
                                                      United States District Judge