IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. Donald Palmer, : : : Relator and Plaintiff, vs. C&D Technologies, Inc. Defendant. | Docket No. 12:907 (GEP) |

### DECLARATION OF JAMES B. HELMER, JR.

1. I am President of the law firm of Helmer, Martins, Rice & Popham Co., L.P.A. I submit this Supplemental Declaration in support of Relator Donald Palmer's Motion for Award of Attorneys' Fees and Expenses (Doc. 138) and Relator's Reply to same, which is being filed contemporaneously with this Supplemental Declaration.

2. My declaration of August 18, 2016 detailed the attorneys' fees and expenses expended by my law firm in litigating this case through August 4, 2016. *See* Doc. 139 at 35 (Helmer Declaration (Exhibit A), ¶5). This supplemental declaration details the attorneys' fees and expenses expended by my law firm after August 4, 2016 which have been spent almost exclusively on preparing and litigating Relator's fee petition.

3. This supplemental declaration also summarizes the total fees and expenses expended by my firm in litigating this action.

4. It has been my practice to review personally all bills to clients and all fee applications to courts. I have performed these tasks numerous times at least every month since 1981. I am familiar with and routinely exercise billing judgment so that all statements submitted by our firm are consistent with the Ohio Code of Professional Responsibility concerning the reasonableness of fees.

5. The first 11 pages of Exhibit A-1 to this Declaration consist of contemporaneously entered detailed descriptions of the legal services provided by individuals in my firm in litigating this case between August 5, 2016 and September 26, 2016. Each entry in Exhibit A-1 identifies the attorney, paralegal or support staff person in my firm who worked on this case,[1] offers a description of the services provided, and states the amount

---

[1] The initials used are as follows: "JBH" indicates James B. Helmer, Jr., "PBM" indicates Paul B. Martins, "JWP" indicates Julie W. Popham, "JT" indicates James A. Tate, "EMC"

of time expended. The detailed descriptions have occasionally been edited to remove privileged information. The last page of Exhibit A-1 is a detailed listing of the litigation expenses advanced by my firm in litigating this case after August 4, 2016. Between August 5, 2016 and September 26, 2016, my firm expended $1650.69 in expenses in litigating this action.

6. The last page of Exhibit A-1 was prepared from the contemporaneous daily expense records maintained by my firm. The expenses incurred by my firm in litigating this case between August 5, 2016 and September 26, 2016 as detailed in Exhibit A-1, are reasonable out-of-pocket expenses of the same types and rates that my firm routinely bills all of our clients, including our hourly fee paying clients.

7. My firm, acting on behalf of Relator Palmer, expended 154.85 hours of professional time and $1650.69 in out-of-pocket litigation expenses between August 5, 2016 and September 26, 2016. *See* Exhibit A-1.

8. I have carefully reviewed Exhibit A-1 and have exercised billing judgment to ensure that none of the time for which reimbursement is sought is excessive, redundant, or otherwise unnecessary. As a result of this review, I have stricken several hours and marked other hours as "N/C" for "no charge."

9. I have also exercised billing discretion by completely eliminating the hours billed by two of the timekeepers at my firm and deducting their associated fees from the amounts detailed in Exhibit A-1.

10. I have further exercised billing judgment by making an across-the-board reduction of 3% in the remaining time sought to ensure that none of the time sought is excessive or redundant.

11. Exercising billing judgment, eliminating the time expended by two timekeepers, and taking a 3% across-the-board reduction, results in 150.20 hours of professional time expended by my firm after August 4, 2016. After applying the CLS rates extrapolated to 2016 present value, my firm is seeking $87,772.49 to compensate us for those 150.20 hours of professional time expended between August 5, 2016 and September 26, 2016.

12. Exhibit A-2 is a chart that summarizes the **total** number of hours worked on this case since its inception by those six members of my firm for whom we are actually seeking reimbursement in this fee petition, after having deleted additional timekeepers and after applying the 3% across-the-board reduction. Exhibit A-2 identifies the six remaining timekeepers, states the hourly rate sought for that person's services at the 2014 CLS

---

indicates Erin M. Campbell, "SMG" indicates Shae Greer, "WD" indicates William J. Diggs, II, and "DB" indicates Dayna Boatright.

2

rates, and provides the resulting total charge for their services for all time expended on this case. That total charge for fees at 2014 CLS rates is $2,279,061.15.

13. As Exhibit A-2 reflects, the time expended by and the 2014 CLS hourly rates for the six members of my firm for whose time we are seeking reimbursement are as follows:

| STAFF | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| James B. Helmer, Jr. | 278.68 | $650.00 | $ 181,144.28 |
| Paul B. Martins | 2064.21 | $650.00 | $1,341,734.55 |
| Julie W. Popham | 222.76 | $520.00 | $ 115,836.76 |
| James A. Tate | 1601.96 | $335.00 | $ 536,655.26 |
| William J. Diggs II | 572.45 | $140.00 | $ 80,142.30 |
| Dayna Boatright | 168.2 | $140.00 | $ 23,548.00 |
| **TOTAL** | | | **$2,279,061.15** |

14. Exhibit A-3 is identical to Exhibit A-2, except that Exhibit A-3 states the hourly rate sought for each person's services at present value/2016 extrapolated CLS rates. Exhibit A-3 provides the resulting **total** charge for all time expended on this case at 2016 rates. That total charge for fees at 2016 CLS rates is $2,677,998.28.

15. As Exhibit A-3 reflects, the total time expended by and the 2016 CLS hourly rates for the six members of my firm for whose time we are seeking reimbursement are as follows:

| STAFF | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| James B. Helmer, Jr. | 278.68 | $778.00 | $ 216,815.76 |
| Paul B. Martins | 2064.21 | $760.00 | $1,568,797.32 |
| Julie W. Popham | 222.76 | $650.00 | $ 144,795.95 |
| James A. Tate | 1601.96 | $389.00 | $ 623,160.88 |
| William J. Diggs II | 572.45 | $168.00 | $ 96,170.76 |
| Dayna Boatright | 168.2 | $168.00 | $ 28,257.60 |
| **TOTAL** | | | **$2,677,998.28** |

16. Exhibits A-1, A-2, and A-3 were prepared from contemporaneous daily time records maintained by my firm.

17. In total, my firm has expended $134,877.57 in litigation expenses in litigating this case since its inception.

18. After applying the CLS rates extrapolated to 2016 present value, my firm is seeking a total award of $2,677,998.28 to compensate us for 4908.25 hours of professional time and an award of $134,877.57 in litigation expenses to compensate us for all time and expenses expended in litigating this action.

19. The time we are seeking in our Motion for an Award of Attorneys' Fees and Expenses

3

and in our Reply in support of that Motion was reasonably and necessarily expended to achieve the resulting settlement of this complex and hard-fought case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 26, 2016

James B. Helmer, Jr.