IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | : |
| *ex rel.* DONALD PALMER, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : NO. 12-907 |
| C & D TECHNOLOGIES, INC., | : |
| Defendant. | : |

### ORDER

AND NOW, this 25th day of April, 2017, upon consideration of Relator's Motion for Attorney Fees and Expenses (Docket Nos. 138, 139), C&D's Opposition thereto (Docket No. 143), and Relator's Reply (Docket No. 144), it is hereby **ORDERED** that the Motion (Docket No. 138) is **GRANTED in part** and **DENIED in part** as follows:

1. Relator shall apply the current CLS rates, rather than his "extrapolated" rates, using the middle of the closest applicable CLS range for each timekeeper.

2. With respect to deposition time challenged by C&D,[1] "prep" time will be limited to 1.75 "prep" hours per deposition hour for one lawyer. If less than 1.75 "prep" hours per deposition hour was actually recorded, the lesser time shall be used. If more than two Relator attorneys attended a deposition, fees may be claimed for the hours loggy by the lawyer who conducted the questioning and one other lawyer who shall have been either the lawyer who actually did the primary preparation work for the deposition or, if that person is not in attendance or is the questioner, then the other lawyer whose time may be charged for being at the deposition may be the most senior

---

[1] The challenged depositions are the Robinson, Haton, the 30(b)(6) deposition, Silence, Toll, Shillinger, Heimer, Capps, Smith, Groeger, Bahr, and Poleskey despositions.

1

lawyer who actually has theretofore been working on the case in a documented meaningful way.

3. With respect to document review, Relator may claim up to 185 total hours allocated among two paralegals and three lawyers who actually engaged in the review work, with application being made as follows: twenty-five (25) hours of lawyer time for setting the guidelines for the substantive review, one hundred ten (110) paralegal hours for doing the hands-on review and culling, and then up to fifty (50) hours of lawyer time for sampling/reviewing the results of the paralegals' document-related services.

4. With respect to summary judgment, the Court will permit a claim of 60% of the current claim for the written work recorded for Relator's motion, 50% of the time charged for opposing the C&D summary judgment motion, and 30% of the time recorded for the Relator's "Reply Brief," which may be applied as to each of the time-recorders/time-keepers who allotted time for these activities. For oral argument, Relator may claim 20 hours of preparation time and 2.5 hours for oral argument for the attorney who presented argument, as well as 20 hours of preparation time for the services of a junior lawyer, one presumably knowledgeable about the case, in case the lawyers engaged in a mock argument or similar preparatory activity. As to the response to C&D's motion for reconsideration, Relator may claim 25 hours, allocated equitably across the board of lawyers who actually recorded time for this activity.

5. C&D's proposed reduction for *Daubert*-related hours will be adopted, as further modified given the Court's guidelines on hourly rates.

6. Travel time to the forum will not be allowed. All other travel time will be permitted at 50% of the permitted rate for the travel of two Relator counsel.

7. Once all of the above changes have been made, the resulting fee shall be reduced by 10%.

It is further **ORDERED** that by no later than 14 days from the date of this Order, the parties shall each apply the fee revisions outlined in the Court's Memorandum and this Order. Within another 7 days, the parties shall confer with each other and compare their calculations regarding the application of the Court's ruling. By no later than 28 days from the date of this Order, the parties shall file a joint submission, informing the Court of the agreed-upon fee total and including a detailed summary of how that fee total was reached. If the parties, after conferring, cannot agree on a total fee, they shall each submit their proposed fee total by the same deadline, again with a detailed summary of how that fee total was reached, and the Court will resolve any remaining disputes or discrepancies consistent with this ruling.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE